**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

VAN TRONG PHAN,

        Petitioner,

vs.                              Case No. 3:07-cv-888-J-32HTS
                                         3:04-cr-093-J-32HTS

UNITED STATES OF AMERICA,

        Respondent.

**ORDER**[1]

This case is before the Court on Petitioner Van Trong Phan's <u>pro se</u> Petition under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Doc. 1). The United States filed a response (Doc. 8); Petitioner filed a reply (Doc. 9).

On October 26, 2004, Petitioner pled guilty to conspiracy to distribute 1,000 or more kilograms of marijuana and MDMA, in violation of Title 21, United States Code, Sections 846, 841(b)(1)(A) and 841(b)(1)(C). (Crim. Doc. 413).[2] Petitioner's guilty plea was entered pursuant to a written plea agreement he signed on October 12,

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] Citations to Phan's criminal case file, 3:04-cr-93-J-32HTS, are denoted as "Crim. Doc. ___." Citations to Phan's civil § 2255 case file, 3:07-cv-888-J-32HTS, are denoted as "Doc. ___."

2004. (Crim. Doc. 415). The plea agreement contains a waiver of appeal provision that provides:

> [T]he defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the guidelines and expressly <u>waives the right to appeal defendant's sentence, directly or collaterally</u> . . . except in the following situations: (a) an upward departure by the sentencing; (b) a sentence above the statutory maximum; or (c) a sentence in violation of other law apart from the sentencing guidelines . . . .

(<u>Id.</u> at 14-15) (emphasis added). On September 27, 2006, the Court sentenced Petitioner to 140 months' imprisonment. (Crim. Doc. 855). Petitioner did not file a direct appeal.

Petitioner timely filed the instant § 2255 motion (the "Petition") (Crim. Doc. 910; Doc. 1). He raises five grounds: (1) that his plea was not knowing and voluntary because he did not understand the consequences of the appeal waiver; (2) Counsel refused to file a direct appeal; (3) the Court provided an improper enhancement for a firearm in Petitioner's guidelines calculations; (4) the Court provided an improper leadership role enhanced in Petitioner's guidelines calculations; and (5) the Court provided an improper enhancement for drug weight. (<u>Id.</u> at 4-6). The government posits that Petitioner expressly waived the right to appeal his sentence either directly or collaterally, and thus the Petition should be dismissed. (Doc. 8).

An appeal waiver in a plea agreement will be enforced if the government

2

demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver. United States v. Williams, 396 F.3d 1340, 1341 (11th Cir. 2005); United States v. Buchanan, 131 F.3d 1005, 1008 (11th Cir. 1997). A voluntary and knowing appeal waiver in a plea agreement precludes the defendant from collaterally attacking his conviction in a § 2255 motion. See Williams, 396 F.3d at 1342 (dismissing a § 2255 petition based on claims of ineffective assistance of counsel because the appeal waiver provision in a plea agreement specifically informed the defendant that he was waiving a collateral attack on his sentence).

However, an appeal waiver does not bar a § 2255 claim that the defendant's plea or the appeal waiver itself was invalid due to ineffective assistance of counsel. Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007)(per curiam). Moreover, "an appeal waiver does not relieve counsel of the duty to file a notice of appeal on request." Id. at 974. As a result, after reviewing the parties' papers, the Court referred this case to the United States Magistrate Judge Howard T. Snyder for an evidentiary hearing on Grounds One and Two of the Petition. (Doc. 10).

The evidentiary hearing was held on October 2, 2009 (Doc. 19), and a Report and Recommendation ("R&R") setting forth Judge Snyder's findings was filed on December 5, 2009. (Doc. 25). In the R&R, Judge Snyder found that Petitioner's

appeal waiver was knowing and voluntary, that Petitioner had failed to reasonably demonstrate that he had requested an appeal, and that Petitioner's trial counsel did not provide ineffective assistance by failing to file a notice of appeal or consult with Petitioner about a potential appeal. (Id. at 16, 21, 22). As a result, Judge Snyder recommended that the Petition be denied as to grounds One and Two. (Id. at 23). Petitioner has filed timely objections to the R&R (Doc. 26).

Petitioner first objects to Judge Snyder's conclusion that Petitioner's belated contentions regarding the involuntary nature of his appeal waiver cannot overcome the contrary statements he made during his change of plea colloquy. (Id. at 16). During the plea colloquy, Judge Snyder discussed the appeal waiver with Petitioner and repeatedly warned him that by pleading guilty pursuant to the plea agreement he was waiving his right to appeal his sentence both directly and collaterally. (Crim. Doc. 915 at 17, 18, 19). Also, Judge Snyder explained the meaning of the term "collaterally" and specifically warned Petitioner that the appeal would apply to motions brought pursuant to 28 U.S.C. § 2255. (Id. at 20). Petitioner responded three times that he understood the appeal waiver, agreed to the appeal waiver and was willing to be bound by the appeal waiver. (Id. at 17, 18, 19).

Regardless, Petitioner contends that there is a factual issue regarding whether Mr. Rosner, Petitioner's trial counsel, told him to sign the plea agreement because any sentencing issues could be appealed despite the existence of the appeal waiver.

4

(Doc. 26 at ¶ 2).  At the evidentiary hearing before Judge Snyder, Mr. Rosner testified that he had no such conversation with Petitioner.  This is consistent with Petitioner's statement at the plea hearing that no one had coached him or suggested that he respond "untruthfully [to] any of the questions asked . . . by the Court . . . because of any agreement, promise, or understanding that's not been presented to the court[.]" (Crim. Doc. 915 at 62).  Noting that "[t]here is a strong presumption that statements made during a plea colloquy are true," Patel, 252 F. App'x at 975, Judge Snyder stated that "Petitioner's testimony will not be credited where it conflicts with that of his former attorney."  (Doc. 25 at 15).  After reviewing the record and the testimony presented, Judge Snyder concluded that "[e]ven were he otherwise generally credible (which he is not), the Court would reject Petitioner's belated assertion of an understanding with counsel that he could appeal the enhancements irrespective of the appeal waiver."  (Id. at 16).  The Court finds that Judge Snyder had ample evidence upon which to make credibility assessments and that such assessments are borne out by the evidence in the record.  As a result, the Court adopts the recommendation of the R&R as to Count One of the Petition.

Petitioner also objects to Judge Snyder's conclusion that an alleged conversation between Mr. Rosner and Petitioner following the sentencing hearing and a letter sent by Petitioner to Mr. Rosner on September 20, 2006, (Doc. 8-3), did not give rise to a duty to consult with Petitioner about filing an appeal.  (Doc. 26 at ¶ 5-7).

5

However, as Judge Snyder found, Petitioner's claim that he told Mr. Rosner to file a notice of appeal is refuted by the record. While the letter clearly shows that Petitioner was unhappy with his prison sentence, the reference to an appeal is equivocal at best. In the letter, Petitioner requested copies of his case work because he "wish[ed] to learn more about my case, in case I want to appeal on anything later." (Doc. 8-2). As Judge Snyder concluded, that statement shows that Petitioner was not expecting his lawyer to file an appeal (an expectation that was reasonable when considering the comprehensive colloquy conducted by Judge Snyder on the subject and the appeal waiver he agreed to in the plea agreement). As to Petitioner's contention that he had conversations with Mr. Rosner that would have given rise to a duty to consult about a potential appeal, Judge Snyder determined that Mr. Rosner's recitation of the events was more credible. In addition, Judge Snyder found that "Petitioner has failed to establish the existence of nonfrivolous grounds for appeal or otherwise show a rational defendant in his situation would have sought an appeal," either of which might have given rise to a duty to consult on the part of Mr. Rosner. (Doc. 25 at 19); see also Devine v. United States, 520 F.3d 1286, 1288 (11th Cir. 2008)(per curiam). Upon consideration of the record, the Court adopts the findings of the R&R and finds that Ground Two of the petition is also without merit.

The three additional grounds raised in the Petition involve allegedly improper sentence enhancements. As the Court finds that Petitioner's appeal waiver was

6

knowing and voluntary and that trial counsel was not ineffective for failing to file an appeal, these contentions fall squarely within the appeal waiver and are therefore due to be denied. Accordingly, it is hereby

**ORDERED**:

1. Upon de novo review, the United States Magistrate's Report and Recommendation (Doc. 25) is **ADOPTED** as the opinion of the Court.

2. Van Trong Phan's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside Sentence, or Correct Sentence by a Person in Federal Custody (Doc. 1) is **DENIED**. The Clerk shall enter judgment in favor of the United States and against Van Trong Phan, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 17th day of February, 2010.

TIMOTHY J. CORRIGAN
United States District Judge

jmm.
Copies:
counsel of record, pro se party